## MATTER OF RUSIN

### In Deportation Proceedings

### A-21530204

*Decided by Board October 31, 1989*

A respondent in deportation proceedings who seeks to adjust her status to that of a lawful permanent resident is not statutorily precluded from doing so by virtue of her former membership in a Communist organization where she can establish that her association in that organization was not meaningful or that her membership was involuntary or that she otherwise comes within one of the specified exceptions set forth in section 212(a)(28)(I)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(28)(I)(i) (1982).

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
William E. Lasko, Esquire
79 West Monroe, Suite 1312
Chicago, Illinois 60602

ON BEHALF OF SERVICE:
James M. Kuhn
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 13, 1984, an immigration judge found the respondent deportable based on her own admissions and granted her application for adjustment of status. The Immigration and Naturalization Service appealed.[1] The appeal will be dismissed.

The respondent is a 38-year-old native and citizen of Poland. She was admitted into the United States on December 1, 1974, as a

---

[1] We note that on July 6, 1988, the Service filed a motion asking that the appeal be held in abeyance as the respondent had applied for legalization under the applicable provisions of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359. The respondent opposed the motion. On July 28, 1988, and again on December 29, 1988, the Service filed motions seeking 6 additional months to file its brief, because the record of proceedings was at that time at a legalization Regional Processing Center, and the record was needed to prepare the appeal. The respondent also opposed this motion. This request was denied by correspondence dated January 19, 1989. No brief on the merits of this case has ever been filed by the Service.

nonimmigrant visitor for pleasure authorized to remain in the United States until July 1, 1975. She remained beyond that time and on June 23, 1981, an Order to Show Cause and Notice of Hearing (Form I-221) was issued against her, charging her with deportability as an overstay under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982). At deportation hearings held on January 24, 1984, and February 13, 1984, the respondent conceded deportability. She applied for adjustment of status based on a visa petition filed on her behalf by her United States citizen father, which was approved on April 23, 1976.

A question arose at the hearing whether the respondent might be ineligible for adjustment of status due to possible inadmissibility under section 212(a)(28)(C) of the Act, 8 U.S.C. § 1182(a)(28)(C) (1982).[2] Section 212(a)(28)(C) makes excludable from the United States

> [a]liens who are members of or affiliated with (i) the Communist Party of the United States, (ii) any other totalitarian party of the United States, (iii) the Communist Political Association, (iv) the Communist or any other totalitarian party of any State of the United States, of any foreign state or of any political or geographical subdivision of any foreign state, (v) any section, subsidiary, branch, affiliate, or subdivision of any such association or party, or (vi) the direct predecessors or successors of any such association or party, regardless of what name such group or organization may have used, may now bear, or may hereafter adopt.[3]

Admitted into evidence to establish the respondent's inadmissibility on this ground was an uncertified copy of a September 6, 1974, statement apparently prepared by the American consulate in Poznan, Poland. This document recommended that the respondent be granted a section 212(d)(3)(A) nonimmigrant waiver to visit the United States and indicated that she was inadmissible as a voluntary member of "ZSL-United Peasants' Party (Communist)." Also admitted as an exhibit was the district director's April 2, 1980, denial of an adjustment application filed by the respondent prior to the issuance of

---

[2] Under section 245 of the Act, 8 U.S.C. § 1255 (1982), an applicant for adjustment of status must be admissible to the United States.

[3] The respondent has argued that membership in the Communist Party is no longer a ground of exclusion, and the appeal is therefore moot, citing section 901 of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989, Pub. L No. 100-204, 101 Stat. 1331, 1399–1400 (1987). Section 901 prohibited the Government from excluding or deporting aliens based on their political beliefs. However, this prohibition was only a temporary, not a permanent, bar to such exclusions and deportations. On October 1, 1988, this provision was extended for 2 years, but, critically for the present case, the provision now only extends to nonimmigrants. Thus, aliens seeking immigrant visas or adjustment of status to that of permanent resident are no longer protected by section 901. *See* Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1989, Pub. L. No. 100-461, § 555, 102 Stat. 2268, 2268-36 -37 (1988).

the Order to Show Cause. This application was denied by the district director based on inadmissibility under section 212(a)(28)(C) of the Act.

At her deportation hearing, the respondent denied being a member of the Communist Party or any Communist organization. She referred to the ZSL as a "union" and testified that she was required to join this organization in order to gain and keep employment in her field. She stated that she "would be fired" if she did not join. The respondent further stated that her wages were necessary to help support her family. She claimed that she did not know the ZSL was a Communist organization, that she always knew it to be a union and not a political party. She testified that she never attended meetings of the ZSL and that her only involvement was joining in order to keep her employment.

Following the respondent's testimony, the immigration judge issued his oral decision granting the respondent's application for adjustment of status. He concluded that the respondent's membership in the ZSL was involuntary in that it was required for her employment, and that she joined only for that reason. He further found that, even if her membership were to be considered voluntary, she had no "meaningful association" with the Communist Party, citing for this holding the Supreme Court's decision in *Rowoldt v. Perfetto*, 355 U.S. 115 (1957).

In its Notice of Appeal, the Service argues that the immigration judge's decision was arbitrary, capricious, an abuse of discretion, and "against the manifest weight of the evidence." More specifically, the Service contended that the immigration judge failed to give adequate weight to the September 6, 1974, decision of the American consulate.

Under section 212(a)(28)(I)(i) of the Act, an alien who is excludable under section 212(a)(28)(C) of the Act may nevertheless be issued a visa if she can establish that her membership or affiliation with a proscribed organization was "involuntary, or is or was solely when under sixteen years of age, by operation of law, or for purposes of obtaining employment, food rations, or other essentials of living and where necessary for such purposes." In *Matter of Hajdu*, 16 I&N Dec. 497 (BIA 1978), we applied this section to a case involving adjustment of status. Thus, an applicant for adjustment is not barred from that relief by virtue of membership in a proscribed organization if the membership was involuntary or otherwise comes within the exceptions set forth in section 212(a)(28)(I)(i) of the Act.

In *Rowoldt v. Perfetto*, *supra*, the Supreme Court, in a deportation case not involving adjustment of status, held that an alien could not be deported under section 22 of the Internal Security Act of 1950, 64 Stat. 987, 1006, for past voluntary membership in the Communist Party unless the alien had a "meaningful association" with the party. In

*Rowoldt*, the alien joined the Communist Party while living in the United States, paid dues, and attended meetings. His membership continued for approximately a year, until he was arrested and placed in deportation proceedings. The Court reversed the finding of deportability, concluding that the record did not support a finding of a meaningful association with the Party. Quoting from *Galvan v. Press*, 347 U.S. 522, 528 (1954), the Court held, "There must be a substantial basis for finding that an alien committed himself to the Communist Party in consciousness that he was 'joining an organization known as the Communist Party which operates as a distinct and active political organization.'" *Rowoldt v. Perfetto, supra*, at 120.

The "meaningful association" requirement was reaffirmed in *Gastelum-Quinones v. Kennedy*, 374 U.S. 469 (1963). There it was held that an alien could not be deported for membership in the Communist Party where he had merely been listed on the party rolls and the membership had been "devoid of any 'political' implications." *See also Galvan v. Press, supra; Matter of Paul*, 10 I&N Dec. 431 (BIA 1963).

Subsequently, in *Berdo v. INS*, 432 F.2d 824 (6th Cir. 1970), the *Rowoldt* "meaningful association" test was applied to a case involving an application for adjustment of status. In *Matter of Hajdu, supra*, however, we rejected the notion that *Rowoldt* should be applied to an adjustment of status case. We noted that with an adjustment application, the burden is on the applicant for relief to establish that he is not inadmissible under section 212(a)(28) of the Act. In a footnote, we specifically declined to follow the holding in *Berdo v. INS*, stating that no other court had followed the reasoning of that decision.

Since our decision in *Matter of Hajdu, supra*, another court has considered whether the "meaningful association" test should apply in determining an alien's admissibility for adjustment purposes and has concluded that it should. In *Firestone v. Howerton*, 671 F.2d 317 (9th Cir. 1982), the court concluded that Congress, in enacting the ameliorative provisions of section 212(a)(28)(I) of the Act, intended that only persons whose association with the Communist Party was meaningful were to be excluded under section 212(a)(28) of the Act. The court noted that the Supreme Court in *Galvan v. Press, supra*, and *Rowoldt v. Perfetto, supra*, had considered the exemption categories, in the deportation context, not as narrow exceptions but rather as indicative of the generous spirit in which the exemptions were to be applied. The court of appeals emphasized that the section 212(a)(28)(I) exemptions, which before 1952 had a counterpart in the deportation provisions, apply now only to exclusion and held that they should be applied, in assessing admissibility, in the benign manner suggested by the Supreme Court in *Rowoldt v. Perfetto, supra*.

131

We have now concluded that the "meaningful association" test set forth by the Supreme Court in its cases should be applied in adjustment of status proceedings. Our decision in *Matter of Hajdu, supra*, is accordingly reversed insofar as it holds the opposite.[4] The only two courts of appeals which have addressed this issue have disagreed with our holding in *Matter of Hajdu*, and we are now persuaded that those decisions are reasonable, are consistent with legislative intent and Supreme Court precedent, and should be followed.

In the present case, the respondent has testified that she joined the ZSL because it was necessary for her continued employment, and that she believed it to be a union and did not know it to be a Communist political organization. She was not active in any of the organization's activities. It cannot be said that she in any way consciously committed herself to a Communist organization. It is clear to us that the respondent did not have a meaningful association with the Communist Party or one of its affiliates while she was living in Poland.[5]

We also find that the respondent's membership in the ZSL was not voluntary in any event. The respondent testified that she was required to join that organization in order to keep her employment. She further testified that her wages were necessary in order for her family to meet its basic living expenses. Under these circumstances, we agree with the immigration judge that the respondent's membership in the ZSL was involuntary within the meaning of section 212(a)(28)(I) of the Act, and that she therefore is not ineligible for adjustment of status.

Inasmuch as we find the immigration judge's decision in this case to have been correct, the Service's appeal from that decision will be dismissed.

**ORDER:**    The appeal is dismissed.

---

[4] *Matter of Hajdu* remains good law insofar as it holds that the actual exemptions set forth in section 212(a)(28)(I) apply to cases involving adjustment of status.

[5] We note that the record before us does not in fact clearly establish that the ZSL is a Communist organization or affiliate. However, on appeal the respondent does not contest the Government's characterization in this regard.